Marie Anne GRAMLING, Appellant,

v.

Harry J. MORAVEK and Monica Moravek, Appellees.

No. 16047.

United States Court of Appeals
Eighth Circuit.

Jan. 28, 1959.

J. D. Wright, Indianapolis, Ind. (Robert S. Allen, St. Louis, Mo., Wm. D. Lalley, Indianapolis, Ind., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., and Davis, Hartsock & Wright, Indianapolis, Ind., were with him on the brief), for appellant.

Cleo V. Barnhart, St. Louis, Mo., for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

■ Mrs. Marie Anne Gramling brought this action against her sister, Monica Moravek, and her sister's husband, Harry J. Moravek, to obtain judgment against them for $18,992.52, as recoupment for funds she expended in building a house on a 120 acre farm in Franklin County, Missouri (within some distance of the village of Gerald, Missouri), owned and occupied by the Moraveks as their home, and for losses she alleged she sustained in selling her home in Indianapolis, Indiana, and moving her goods and chattels to the farm and back to Indianapolis. She sought to have a lien declared upon the 120 acres for the amount and foreclosure thereof.

There was federal diversity jurisdiction and after trial of the case to the court on issues joined, the court filed a written opinion in which all the evidence was discussed in detail. The court also filed findings of fact and conclusions of law in favor of defendants and against the plaintiff. Judgment dismissing the action at plaintiff's costs followed.

The plaintiff appeals and contends that the court committed reversible error in that two findings of fact made by the court, namely findings numbered 5 and 6, were contrary to the evidence and clearly erroneous and that conclusion of law numbered 2 was fundamentally mistaken.

■ The findings of fact and conclusions of law made by the court were as follows:

"Findings of Fact.

"1. The plaintiff is a resident of the State of Indiana.

"2. The defendants are husband and wife and residents of the State of Missouri, residing within the Eastern Judicial District of the State of Missouri.

"3. The defendants were owners of a one hundred twenty (120) acre farm in Franklin County, Missouri. The plaintiff is a widow, seventy-six (76) years of age, who has resided in the State of Indiana for the past fifty (50) years. Defendant Monica Moravek is a younger sister of the plaintiff. Plaintiff and her defendant sister had been estranged from each other for many years prior to the Fall of 1953. In the Fall of 1953 defendant Monica Moravek communicated with plaintiff by letter seeking to renew their friendship. Thereafter, during the Fall of 1953 and the Spring of 1954, plaintiff visited with the defendants at their farm home in Franklin County, Missouri. During this time the plaintiff desired to sell her home in Indianapolis and move to another part of the country. During one of plaintiff's visits with defendants a written contract was entered into between plaintiff and defendants whereby defendants would permit the plaintiff to build a small house, at plaintiff's expense, on defendants' farm. Plaintiff had an architect draw plans for this house and it was constructed by a rural Franklin County contractor. About the time plaintiff's home was completed, plaintiff moved from Indianapolis to her new home and thereafter personal difficulties developed between plaintiff and defendants and in the Summer of 1954 plaintiff moved her belongings from the house she had constructed and returned to Indianapolis and thereafter instituted this action against the defendants.

"4. Plaintiff in her complaint alleges that the defendants, jointly and severally, fraudulently persuaded the plaintiff to enter into the aforesaid contract and to construct the house upon defendants' farm and to sell her belongings in the State of Indiana and move to her newly constructed home in Missouri, and that after she relied upon defendants' various representations and had constructed the house upon defendants' property, disposed of her belongings in the State of Indiana and moved to the State of Missouri, that the defendants thereafter, by threat, word and deed, did compel the plaintiff to abandon the house she had erected upon the defendants' property, to her damage in the total sum of Eighteen Thousand Nine Hundred Ninety-two Dollars and Fifty-two Cents ($18,992.52).

"5. The plaintiff is an adult person possessing all of her mental faculties. The defendants did not fraudulently induce plaintiff to enter into the aforesaid contract or to build the house upon their land and the defendants did not, by threat, word and deed, compel, induce or necessitate plaintiff's abandonment of her newly constructed home. The difficulties encountered between plaintiff and defendants were the result of a clash of personalities of the parties and not the result of a preconceived plan to deceive nor defraud the plaintiff. The overtures made to plaintiff by defendants prior to the execution of the contract and erection of plaintiff's house upon the defendants' farm were made in good faith by defendants.

"6. The plaintiff failed to prove the allegations of her complaint.

## "Conclusions of Law.

"1. This Court has jurisdiction over the parties and the subject matter of this action.

"2. The plaintiff, being an adult person of sound mind, having entered into an unsound, unwise or unfortunate contract whereby she built a house upon the land of the defendants cannot recover in this action unless she has proven by a preponderance or greater weight of the credible evidence that she was induced to enter into the transaction by actionable fraud on the part of the defendants as alleged in her complaint. Plaintiff having failed to so prove her case, judgment will be in favor of the defendants."

### I.

As to the court's conclusion of law numbered 2, it is contended for the appellant that appellant's "entitlement to recovery" did not lie "within the bare dollars and cents and arms length precepts of actionable fraud as they are applied to ordinary transactions of commerce" and in consequence the court "obviously misconceived the law applicable".

But the point is without merit. The plaintiff alleges in her complaint that the defendants "knowingly and intending the deceit thereof * * * falsely and fraudulently did represent to the plaintiff * * * *" certain specified false and fraudulent representations and "thereby * * * did seek to persuade and induce plaintiff to sell and abandon her home in Marion County, State of Indiana, [and] construct for herself a home on defendants' land in Missouri * * * *". That this plaintiff did "* * * rely upon * * * the aforesaid representations" and "thereby was induced to and did" enter into a written contract with defendants and build the house on their farm and "upon completion of the aforesaid improvements * * * they and each of them by their threat, word and deed did * * * disclose that in fact they never in good faith had intended that plaintiff have and enjoy for herself the benefits of her expenditure for a place of dwelling" and "did so conduct and deport themselves as to deprive her of and made impossible the peaceful possession and enjoyment * * * of the improvements * * * *".

The cause of action so set up in the complaint was for relief from loss and damage caused plaintiff in a transaction induced by false and fraudulent representations made to plaintiff by defendants and relied on by her. Such fraud is "actionable fraud" under applicable Missouri law. The trial court was not in error in concluding, as a matter of Missouri law, that plaintiff could not recover in her action unless she proved by a preponderance or greater weight of credible evidence that she was induced to enter into the transaction by "actionable fraud" as alleged in her complaint.

The record and opinion of the court demonstrate that there was no thought of treating the transaction in issue as an "ordinary transaction of commerce". The relationship and situations of the parties as well as the words and conduct of each throughout the transaction in issue were given full and careful consideration by the court. The conclusion as to the law was reached in accord with equitable principles and was not erroneous.

## II.

In attacking, as contrary to the evidence, the court's finding that "the plaintiff failed to prove the allegations of her complaint", appellant reviews the evidence in minute detail from her own viewpoint, and we have not failed to consider all of the evidence in the light of that review. But under Missouri law it required clear, cogent, and convincing evidence of fraud to justify setting aside the deed that was executed by the adult, intelligent parties in this case, and imposing a judgment for the large sums claimed on these defendants or declaring a lien for the amounts on their farm home. The question before this Court is whether or not the trial court, who heard the witnesses and studied and weighed all the evidence, is supported by substantial evidence in its finding that the plaintiff failed to sustain her burden of proof. The judgment before us cannot be reversed on the facts unless the trial court was clearly wrong in its findings.

The court's opinion, 170 F.Supp. 84, points out so clearly and fully the details of evidence on which the findings are rested that we see no purpose in repeating them here. The finding that the allegations of the complaint were not proven is not contrary to the evidence or clearly erroneous but is in accord with and supported by substantial evidence.

## III.

The appellant separates the finding of fact numbered 5 and attacks first this part of it, to-wit: "Defendants did not by threat, word and deed compel, induce or necessitate plaintiff's abandonment of her newly constructed home". She couples the following expression in the court's opinion with that part of the finding of fact, to-wit: "She [appellant] was not forced to leave the home. The home is not now occupied and is available for her use".

Appellant argues that the words "compel", "induce", "necessitate" and "force" used by the court in the findings are "key words" of the finding, and the statement of the opinion, and that on account of the relations of the parties "something more than the abstention from physical violence or physically preventing appellant from occupying her home was required". The argument is followed into the other part of the court's finding numbered 5, as to which it is said that the key words are "fraudulently", "preconceived plan" and "good faith".

But the point so urged against the finding numbered 5 and the expressions in the court's opinion is not meritorious. The court properly made the findings responsive to and conclusive against the allegations of the complaint. But in the opinion the court demonstrates, upon analysis of the evidence, that there was failure to show that defendants induced the plaintiff by false representations either to sell her property in Indianapolis or to build a home for herself on their farm. Also that it was the clash of personalities between the parties that caused difficulties when the plaintiff started living there. The plaintiff who,

had lived fifty years in Indiana's largest and capital city did not find herself content to live alone in the house she built out on the Missouri farm. She had her automobile there and soon used it to absent herself as she had a right to do with no word to anyone. But she had no just cause to charge the cost of her transactions to her sister or her sister's husband.

Affirmed.